# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JASON E. PELLUM,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>Defendant. | CASE NO. 1:10-cv-01258-OWW-SKO<br><br>**ORDER DISMISSING COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Jason Pellum ("Plaintiff"), proceeding pro se and in forma pauperis filed a civil rights action on July 15, 2010. He names Fresno Police Department as the only defendant. His complaint arises out of an incident that occurred on July 11, 2010. He asserts that the "Fresno Police Department" came to his residence and asked him to come outside and "have a seat on the stairs of the apartment leading [to] the front door of the residence." Complaint at 2 (Doc. 1).

Plaintiff alleges that he told the police officers that he had inherited one billion dollars and immediately thereafter three officers grabbed him around the neck and began to choke him. *Id.* Two other officers grabbed his left arm and twisted it through the iron guard rail, and the officers pulled him off the stairs. Plaintiff states that he was then tazered in the back. He was

1  then kicked in the left side and pressure was applied to his lower lumbar and his "brain stem" and
2  he blacked out.  Plaintiff alleges $2,500,000 in damages for "unnecessary force" on the part of
3  the Fresno police officers.

## DISCUSSION

**A.    Screening Standard**

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.    Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550

U.S. at 555).

**C.     Analysis**

    **1.     The Fresno Police Department Is Not a Proper Party Under Section 1983**

Pursuant to 42 U.S.C. § 1983, a cause of action may be maintained "against any **person** acting under color of law who deprives another 'of any rights, privileges, or immunities secured y the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983) (emphasis added).  The rights guaranteed by section 1983 are to be "liberally and beneficently construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991).

To state a claim under section 1983, Plaintiff must show (1) that he has been deprived of a right secured by the United States Constitution or a federal law, and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Local governments (i.e., municipalities) are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.  *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  However, a local government's liability is limited.  Although a local government may be held liable for its official policies or customs, it cannot be held liable for an employee's actions outside the scope of these policies or customs.  *Monell*, 436 U.S. at 691.

Although Plaintiff makes no reference to section 1983 in his complaint, the civil cover sheet filed with the complaint indicates that Plaintiff's claim is one for "civil rights" violations. Further, the allegations of the complaint relate to treatment Plaintiff received from police officers that he labels "unnecessary force" during an incident at Plaintiff's home on July 11, 2010.  It appears that Plaintiff is attempting to articulate a section 1983 claim for violations of a constitutional right under the Fourth Amendment.

To the extent that Plaintiff is attempting to articulate a section 1983 claim against the Fresno Police Department for excessive force, Plaintiff's claim is insufficient.  The Fresno Police Department is not a party that is amenable to suit under section 1983.  Although municipalities, such as cities and counties, are amenable to suit under *Monell*, sub-departments or bureaus of

municipalities – like the Fresno Police Department – are not generally considered "persons" within the meaning of section 1983.  *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995); *see also Sanders v. Aranas*, 2008 WL 268972, at *3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).  Thus, the Fresno Police Department is not subject to suit under section 1983.

**2.  The Complaint Fails to State a *Monell* Claim Under Section 1983**

To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury.  *See Monell*, 436 U.S. at 690-92.

There are three ways to show a policy or custom of a municipality:

(1)  A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2)  The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3)  An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.  *Id.*  Municipalities can be held liable "if [their] deliberate policy caused the constitutional violation alleged."  *Blackenhorn*, 485 F.3d at 484.

Here, even if Plaintiff had named a county or a city as a defendant, the complaint is lacking the necessary factual allegations to state a section 1983 suit against a municipality.  First, Plaintiff fails to articulate which of his constitutional rights was violated.  It appears that Plaintiff is attempting to articulate a deprivation of his Fourth Amendment right to be free from police officer's use of excessive force, but Plaintiff has not adequately set this forth in his complaint.

4

Plaintiff must state precisely what constitutional right has been violated by the conduct of the defendant. Second, Plaintiff has failed to allege how any conduct in violation of his constitutional rights was part of a custom or policy of a municipality. Third, here is no link alleged between the custom and policy and the deprivation of a constitutional right that Plaintiff suffered. Thus, Plaintiff's complaint fails to state a claim against a county or a city municipality for the conduct of police officers. *See Monell*, 436 U.S. at 690-92.

### 3. There Is No Subject-Matter Jurisdiction For Any State Law Tort Claims that Plaintiff Alleges

The civil cover sheet attached to Plaintiff's complaint states that he is filing claims for trespassing, assault, and destruction of personal property. To the extent that Plaintiff alleges state law tort claims, this Court has no subject-matter jurisdiction over those claims. Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The cases the courts are authorized to hear must arise from either "federal question jurisdiction" or "diversity" of citizenship of the parties when the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff indicated on the civil cover sheet attached to the complaint that the basis of jurisdiction in this case is "federal question." In the absence of an adequately alleged section 1983 claim, however, the Court has no subject-matter jurisdiction over this case due to the lack of an issue of federal law. Further, there is no apparent diversity of citizenship between Plaintiff and Defendant. Plaintiff has not adequately asserted how the Court has subject-matter jurisdiction over this case. Plaintiff will be given a final opportunity to file an amended complaint to cure this deficiency.

### 4. The Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**D.      Conclusion**

Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff is granted an opportunity to amend his complaint.  Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. If Plaintiff again fails to state a claim, the Court will recommend that the entire action be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

**Dated:     September 2, 2010**            /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE