# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JASON E. PELLUM, | CASE NO. 1:10-cv-01258-OWW-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| FRESNO POLICE DEPARTMENT, | **OBJECTIONS DUE: 20 DAYS** |
| Defendant. | |

## INTRODUCTION

Plaintiff Jason Pellum ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights action on July 15, 2010. He names the Fresno Police Department as the only defendant. His complaint arises out of an incident that occurred on July 11, 2010. He asserts that the "Fresno Police Department" came to his residence and asked him to come outside and "have a seat on the stairs of the apartment leading [to] the front door of the residence." Complaint at 2 (Doc. 1).

Plaintiff alleges that he told the police officers that he had inherited one billion dollars and immediately thereafter three officers grabbed him around the neck and began to choke him. *Id.* Two other officers grabbed his left arm and twisted it through the iron guard rail, and the officers pulled him off the stairs. Plaintiff states that he was then tazered in the back, kicked in the left side, and

pressure was applied to his lower back and his "brain stem" and he blacked out. Plaintiff seeks $2,500,000 in damages for "unnecessary force" on the part of the Fresno police officers.

On September 2, 2010, the Court dismissed Plaintiff's complaint and granted 30 days leave to amend. (Doc. 4.) When Plaintiff failed to file an amended complaint, the Court granted Plaintiff an additional 30 days to file an amended complaint after his address was updated. (Doc. 5.) Despite the additional time, Plaintiff failed to file an amended complaint. On January 12, 2011, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for Plaintiff's failure to comply with the Court's November 19, 2010, order regarding amendment of Plaintiff's complaint. Plaintiff failed to respond to the OSC.

## DISCUSSION

**A.  Screening Standard**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.  Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability. . . 'stops short

2

of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

**C.     Discussion**

**1.     Plaintiff's Complaint Should Be Dismissed Because the Fresno Police Department is Not a Proper Party Under Section 1983**

Pursuant to 42 U.S.C. § 1983, a cause of action may be maintained "against any **person** acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas Co*. *v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983) (emphasis added). The rights guaranteed by Section 1983 are to be "liberally and beneficently construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991).

To state a claim under section 1983, Plaintiff must show (1) that he has been deprived of a right secured by the United States Constitution or a federal law, and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Local governments (i.e., municipalities) are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). However, a local government's liability is limited. Although a local government may be held liable for its official policies or customs, it cannot be held liable for an employee's actions outside the scope of these policies or customs. *Monell*, 436 U.S. at 691.

Although Plaintiff makes no reference to Section 1983 in his complaint, the civil cover sheet filed with the complaint indicates that Plaintiff's claim is one for "civil rights" violations. Further, the allegations of the complaint relate to treatment Plaintiff received from police officers that he labels "unnecessary force" during an incident at Plaintiff's home on July 11, 2010. It appears that Plaintiff is attempting to articulate a Section 1983 claim for violations of a constitutional right under the Fourth Amendment.

To the extent that Plaintiff is attempting to articulate a Section 1983 claim against the Fresno Police Department for excessive force, Plaintiff's claim is insufficient. The Fresno Police Department is not a proper defendant under Section 1983. While Section 1983 is not itself a source of substantive rights, it provides a cause of action against any *person* who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; *Grahm v. Connor*, 490 U.S. 386, 393-94 (1989). The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

The Fresno Police Department is a municipal *department* of the City of Fresno and is not considered a "person" within the meaning of Section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983); *Vance*, 928 F. Supp. at 995-96 (dismissing *sua sponte* Santa Clara Department of Corrections as improper defendant); *Jewett v. City of Sacramento Fire Dep't*, No. CIV. 2:10-556 WBS KJN, 2010 WL 3212774, at *2 (E.D. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and dismissing suit against it); *Wade v. Fresno Police Dep't*, No. Civ. 09-0588 AWI DLB, 2010 WL 2353525, at *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); *Morris v. State Bar of Cal.*, No. Civ. 09-0026 LJO GSA, 2010 WL 966423, at *3 (E.D. Cal. Mar. 11, 2010) (finding that a fire department is a municipal department and therefore not a "person" under Section 1983); *Sanders v. Aranas*, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (finding Fresno Police Department improper defendant because it is a sub-division of the City of Fresno); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, 2006 WL 3760276, *4 (E.D. Cal. Dec. 18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of Section 1983). Thus, Plaintiff's claim against the Fresno Police Department is not cognizable under Section 1983.

### 2. Plaintiff's Complaint Fails to State a *Monell* Claim Under Section 1983

To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

There are three ways to show a policy or custom of a municipality:

(1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.* Municipalities can be held liable "if its deliberate policy caused the constitutional violation alleged." *Blackenhorn*, 485 F.3d at 484.

Here, even if Plaintiff had named the City of Fresno as a defendant, the complaint is lacking the necessary factual allegations to state a Section 1983 suit against a municipality. First, Plaintiff fails to articulate which of his constitutional rights was violated. It appears that Plaintiff is attempting to articulate a deprivation of his Fourth Amendment right to be free from police officer's use of excessive force, but Plaintiff has not adequately set this forth in his complaint. Second, Plaintiff has failed to allege how any conduct in violation of his constitutional rights was part of a custom or policy of the municipality. Third, there is no link alleged between the custom and policy and the deprivation of a constitutional right that Plaintiff suffered. Thus, Plaintiff complaint fails to state a claim against a municipality. *See Monell*, 436 U.S. at 690-92.

**3. Plaintiff's Complaint Should Be Dismissed for Failure to Comply with the Court's November 19, 2010, and January 12, 2011, Orders**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives"requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's November 19, 2010, order expressly cautioned Plaintiff that if he failed to file an amended complaint, the Court would recommend that this action be dismissed for failure to state a claim and for failure to comply with a court order. Moreover, the Court issued an OSC on January 12, 2011, requiring Plaintiff to show cause why the action should not be dismissed for failing to comply with the Court's November 19, 2010, order. (Doc. 8.) Plaintiff failed to respond to the January 12, 2011, OSC. Therefore, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that the Complaint be DISMISSED pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's November 19, 2010, and January 12, 2011, orders and for failing to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 2, 2011**             /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE